RICHARD RIPSOM, Appellant, *v.* JOHN HART and JOHN HELLING, Individually and as Executors, etc., of JOHN OCH, Deceased, and Others, Respondents.

*Contract to give one party's entire estate to the other party thereto at the former's death — not enforced because of uncertainty — evidence which is insufficient to establish it.*

A contract, by which a decedent in his lifetime agreed as a part of the consideration for a conveyance of certain real estate to give the grantors his entire estate at his death, will not be enforced because of its uncertainty, as it permits the decedent to divest himself of all title to the property during his lifetime if he sees fit, leaving it uncertain whether he will have any property at his death.

What evidence is insufficient to establish such a contract, considered.

APPEAL by the plaintiff, Richard Ripsom, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 19th day of February, 1901, upon the decision of the court rendered after a trial at the Monroe Special Term dismissing the plaintiff's complaint.

The action was brought to compel the specific performance of an alleged contract by which John Och agreed to give his entire estate to the plaintiff and Augustus Ripsom at his death. The plaintiff alleges that Anna Maria Ripsom devised a certain piece of real estate to the said John Och, Augustus Ripsom and the plaintiff, share and share alike, and that such real estate was worth the sum of $3,600; that on the 28th day of September, 1876, the plaintiff and Augustus. Ripsom and their wives executed a quitclaim deed of their respective interests in such property upon a stated consideration of $900, $800 of which was to be paid in cash and $100 of which was to be paid for masses for the repose of the soul of Anna Maria Ripsom and the erection of a gravestone at her grave. The plaintiff claims that

as a part of the consideration for the conveyance Och further agreed that upon his death he would give his entire estate to the grantors, Richard Ripsom and Augustus Ripsom.

The heirs of Augustus Ripsom brought a similar action and the actions were tried together.

*David N. Salisbury* and *W. W. Armstrong,* for the appellant.

*Richard E. White,* for the respondents.

Judgment affirmed, with costs, on opinion of DUNWELL, J., delivered at Special Term.

All concurred.

The following is the opinion of DUNWELL, J., delivered at Special Term :

DUNWELL, J.:

The foregoing actions were tried together, the same evidence applying to each.

From a careful reading of the decisions of the courts of this State I am convinced that the plaintiffs do not present such a case as entitles them to judgment.

The contract sought to be established depends wholly upon the testimony of Mrs. Irish, the wife of one of the alleged parties to the contract, since deceased, who is interested for her children, who are the real parties in interest to the extent of one-half of any recovery in the event of plaintiff's success.

There are a number of reasons why she may be mistaken about a contract having been made. It may be true that what she supposes became a contract was considered and talked over; that the Ripsom brothers acceded to the sale of their interests upon the supposition that Och, at his death, would be more apt to leave his property to them than any one else, they being his only relatives in this country at that time. Och himself may have said so, and yet may not have entered into a contract to that effect.

There are obvious facts and circumstances tending to contradict the making of a contract. No writing was drawn, although it was necessary to resort to writings in conveying the property. So long as a part of the transaction required a writing, why was plaintiff's important interest in the transaction left to memory only? Each of

the plaintiffs, at the time of the conveyance, received a cash consideration of $400. This is, in some degree, inconsistent with the idea of other consideration.

"Alleged oral dispositions of estates, to take effect in the future or after death, should not be found or supported, unless established by abundant evidence of the most satisfactory and convincing character." (*Gaylord* v. *Gaylord*, 7 N. Y. St. Repr. 703; *Edson* v. *Parsons*, 155 N. Y. 555; *Gall* v. *Gall*, 64 Hun, 600.)

The evidence in this case, in my judgment, falls below the requirements of these authorities.

The cases in this State, where parol agreements have been enforced by specific performance, are where the party invoking the aid of the court has performed labor or made improvements upon property, or rendered consideration following the bargain or in pursuance of it. Here, the only consideration moving from the plaintiffs was a present one; the parting with their title. They can't support their contention, as has been done in most reported cases, by acts done subsequently, that could only be explained upon the theory that what was done was in pursuance of a contract, thereby supporting the alleged existence of a contract. This contract is devoid of such support.

If, however, the evidence was sufficient to establish the contract in controversy in this case, it has not been the practice of courts of equity in this State to enforce such a contract by reason of its uncertainty. It permitted deceased to possess, control and absolutely dispose of his property so as to divest himself of all title thereto during his life if he saw fit, leaving it uncertain whether he would have any property at his death.

In *Shakespeare* v. *Markham* (10 Hun, 324) it was said: " It was not specifically agreed in what manner the property of the testator was to be conveyed or secured to the other parties. It was to be used and controlled by him during his life. There was no restraint by the supposed contract upon the testator's power to dispose of the same or any part thereof during his life, and the amount which he should leave at his death was, therefore, wholly uncertain. The contract, therefore, by reason of its uncertainty was one which a court of equity would not be under the necessity of compelling performance of."

I must hold that the evidence is not sufficient to establish the contract, and that such a contract cannot be enforced in this court by reason of its uncertainty, and that the complaint must be dismissed in each case, but with costs to defendants in one case only.